

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00064-CR

_____

CECIL ALLAN MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1294-14

Before Morriss, C.J., Burgess and Stevens, JJ.

# O R D E R

Cecil Allan Moore has appealed from the trial court's order of final adjudication of guilt for the offense of indecency with a child by sexual contact and the resulting fifteen-year sentence.[1] The clerk's record was filed April 15, 2020. The reporter's record is currently due to be filed on May 5, 2020.

Pending before this Court is Moore's motion for emergency abatement to the trial court, seeking, among other things, correction of the reporter's record. Although the reporter's record has yet to be filed with this Court, Moore's appellate counsel, Erick Platten, contends that he requested preparation of the reporter's record on or about March 16, 2020. Platten further contends that, on March 23, 2020, the court reporter delivered the record to him by email. Platten states that, after reviewing the record, he emailed the court reporter and asked her to check her "notes/audio" for his objection "in reference to Emil using the PSI during his cross examination and final argument." The court reporter, according to Platten, responded that, although Platten made "an objection on page 29, which was ruled on by the Court[,] . . . [that] was the only objection made during Mr. Mikkelsen's cross of Mr. Moore." Platten states that he discussed the issue of the accuracy of the record with counsel for the State and sent counsel for the State an email with a "letter memorializing the April 3 conversation and a proposed

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

agreement pursuant to Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure." Platten represents that he has been unable to reach an agreement with the State.[2]

Since Moore has raised issues regarding the accuracy of the reporter's record, we will submit this dispute to the trial court for resolution under Rule 34.6, subsections (e) and (f), of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(e), (f). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rule 34.6, subsections (e) and (f), for the purposes of (1) determining whether all portions of the record to which the parties are entitled have been accurately included in the appellate record and (2) identifying and correcting, if possible, any inaccuracies or deficiencies in the reporter's record.

We instruct the trial court to conduct an evidentiary hearing within thirty days of the date of this order and to enter findings regarding the following:

1.      Precisely what portions of the record Moore (or any other party) claims are missing or inaccurate;

2.      For each error or omission identified in response to No. 1 above, whether the issue can be resolved by agreement as contemplated by Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure;

3.      If such error or omission can be corrected by agreement, then the trial court is instructed to take steps to ensure that the reporter's record is corrected in accordance with the parties' agreement;

---

[2]This record dispute is preliminary to Moore's motion to recuse the trial court. We expressly decline to address any issues regarding Moore's recusal motion.

4.	If such error or omission cannot be corrected by agreement, then the trial court is instructed to take the steps outlined in Rule 34.6(e)(2) of the Texas Rules of Appellate Procedure to resolve the dispute and correct the record;

5.	For each error or omission identified in response to number 1 above, whether any missing portion of the reporter' record has been lost or destroyed as contemplated by Rule 34.6(f) of the Texas Rules of Appellate Procedure;

6.	For each portion of the reporter's record that is determined to be lost or destroyed, if any, the trial court is instructed to take evidence on and enter findings regarding each of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether the appellant is entitled to a new trial as a result of the lost or destroyed portion of the record.

7.	We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within twenty-one days of the date of the hearing.  The reporter's record of the hearing and any certified corrections to the reporter's record under Rule 34.6(e)(2) shall be filed within twenty-one days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record.

IT IS SO ORDERED.

BY THE COURT

Date:   April 20, 2020